CHISM BROS. v. ANNIE A. ALCORN.

VARIANCE. *Action on promise. Breach of different agreement.*

> In an action against a landlord and his tenant to recover the price of goods sold to the tenant alone, the landlord cannot be held liable upon proof, not that he promised to pay the account, but merely to waive in plaintiff's favor his landlord's lien on the tenant's crop, and afterwards appropriated the same. Whether the landlord would be liable in another form of action for the damage to plaintiff, is not decided.

FROM the circuit court of Coahoma county.

HON. R. W. WILLIAMSON, Judge.

Appellee, Annie A. Alcorn, owned a plantation, which was rented by Milton Bush. This action was brought in a justice court by appellants, Chism Bros., against appellee and the tenant, Bush, on an open account for goods sold, amounting to $300, on which there was a credit of $100. It appears that the goods were, in fact, furnished to the tenant; but, on the account as filed, they are charged to him and the agent of appellee jointly. Plaintiff recovered judgment against both defendants in the justice court, and Mrs. Alcorn appealed to the circuit court, where the case was tried anew.

The testimony for plaintiffs tended to show that, in consideration of a waiver by appellants of her landlord's lien and an agreement that the proceeds of the tenant's crop should be first applied to the payment of the debt, the goods were sold to the tenant to enable him to make a crop on the leased premises; that they were sold upon the security of the

crop, and that plaintiff looked to that source for payment. There was enough cotton raised by the tenant to pay the account, and it was received and sold by appellee, who applied only $100 of the amount to the credit of the debt, appropriating the remainder to her own claims against the tenant. The court gave a peremptory instruction for defendant, and judgment was entered accordingly. Plaintiffs appeal. The opinion contains a further statement of the case. In view of the opinion, the argument of counsel as to the statute of frauds is omitted.

*Fitzgerald & Maynard*, for appellants.

Appellee's undertaking was an independent obligation of her own, contingent only as to the amount of the debt and the value of the crop raised. Appellants regarded her and the tenant liable in the manner stated, and the method of charging the account on the books is immaterial. It is immaterial, also, that the suit was brought against the two jointly. This was because plaintiffs were not aware of what had been realized from the crop. The goods were obtained by a pledge of the crop by the consent of Mrs. Alcorn, acting through her agent. The peremptory instruction should have been in favor of plaintiffs.

*Rucks Yerger*, for appellee.

Appellants contend that Mrs. Alcorn's liability grew out of the fact that she received the cotton after she had waived her rights to the extent of the debt sued for. This was not the theory of the suit as brought. On the contrary, it is a plain suit on an open account, and not an action to recover the value of cotton converted by Mrs. Alcorn. We therefore submit that the peremptory instruction was correct.

COOPER, J., delivered the opinion of the court.

We infer from the briefs of counsel that the court below gave the general charge for the defendant on the ground

that plaintiffs were attempting to charge her to answer for the debt of another upon a mere verbal promise made by her through her agent, Mr. Alcorn. We do not see that the statute of frauds has any application. The plaintiffs testified in their own behalf, and positively denied that Mrs. Alcorn, either through her agent or personally, ever agreed to be bound for the payment of the account on which the suit is brought. Their cause of action, as stated by them, is not that she promised to pay and has neglected and refused so to do, but that she agreed to waive her lien, as landlord, upon the crops of Bush, her tenant, and that Bush might apply it to the payment of his account, and afterwards, in violation of that agreement, received the cotton grown by Bush and appropriated its proceeds to her demand for rent. If they had sued for money had and received to their use, or in an action on the case, their testimony would have tended to support their action. This they did not do, but sued both Mrs. Alcorn and Bush, the tenant, on the open account for goods, wares and merchandise sold and delivered to Bush. If the truth be, as the plaintiffs testified, that Mrs. Alcorn never promised, in writing or verbally, to pay this account, the statute of frauds can cut no figure in the case. The difficulty is that the plaintiffs sued on the account for which, in evidence, they show that Mrs. Alcorn was not at all bound, and seek to recover for the breach of another distinct agreement, viz., that Bush's crop should be first applied to the payment of the account. The peremptory instruction was properly given.

*Affirmed.*